DOES THE CONTINUING EDUCATION REQUIREMENT SPECIFIED IN 59 O.S. 1308.1 OF TITLE 59 OF THE OKLAHOMA STATUTES VIOLATE THE CONSTITUTIONAL PROVISION AGAINST SPECIAL LEGISLATION OR ANY OTHER PROVISION OF THE OKLAHOMA CONSTITUTION?
59 O.S. 1301 (1984) ET SEQ., CONTAINS THE OKLAHOMA BAIL BONDSMEN AND RUNNERS ACT. 59 O.S. 1308.1 OF THE ACT PROVIDES FOR CERTAIN CONTINUING EDUCATION REQUIREMENTS FOR LICENSED BAIL BONDSMEN, FOR WHICH SUBSECTION (B) REQUIRES:
 "THE OKLAHOMA BONDSMAN ASSOCIATION SHALL PROVIDE EDUCATION FOR BAIL BONDSMAN LICENSURE AS REQUIRED BY THIS SECTION; PROVIDED THAT THE INSURANCE COMMISSIONER SHALL APPROVE THE COURSES OFFERED AND PROVIDED FURTHER SUCH EDUCATION MEETS THE GENERAL STANDARDS FOR EDUCATION OTHERWISE ESTABLISHED BY THE INSURANCE COMMISSIONER."
IT IS MY IMPRESSION THAT THE GIST OF YOUR QUESTION RELATES TO THE EXCLUSIVENESS BY WHICH THE OKLAHOMA BONDSMAN ASSOCIATION OPERATES TO PROVIDE CONTINUING EDUCATION UNDER THE ACT. AS ONLY ONE ENTITY IS ALLOWED TO PROVIDE SUCH EDUCATION, THERE IS RAISED THE QUESTION OF SPECIAL LEGISLATION.
THE OKLAHOMA CONSTITUTION CONTAINS CERTAIN PROHIBITIONS AGAINST SPECIAL LEGISLATION. ONE SECTION IS CONTAINED IN ARTICLE V, SECTION 46. HOWEVER, THIS SECTION, ENTITLED "LOCAL AND SPECIAL LAWS ON CERTAIN SUBJECTS PROHIBITED" IS LIMITED TO THE ENUMERATED AREAS. MY REVIEW OF THOSE AREAS INDICATES THAT NO PROVISION CONTAINED THEREIN WOULD APPLY TO THIS QUESTION. ARTICLE V, SECTION 59 CONTAINS AN ADDITIONAL PROHIBITION AGAINST SPECIAL LAWS. THIS SECTION PROVIDES:
 "LAWS OF A GENERAL NATURE SHALL HAVE A UNIFORM OPERATION THROUGHOUT THE STATE, AND WHERE A GENERAL LAW CAN BE MADE APPLICABLE, NO SPECIAL LAW SHALL BE ENACTED."
A GENERAL STATUTE IS ONE WHICH RELATES TO ALL PERSONS OR THINGS OF A CERTAIN CLASS. REYNOLDS V. PORTER, 760 P.2D 816 (OKL. 1988). A SPECIAL STATUTE, ON THE OTHER HAND, IS ONE WHICH SINGLES OUT LESS THAN THE ENTIRE CLASS FOR DIFFERENT TREATMENT. ID. ONE EXAMPLE OF A SPECIAL LAW CAN BE SEEN IN HAAS V. HOLLOMAN, 327 P.2D 655 (OKL. 1958). IN HAAS, THE LEGISLATURE PASSED AN ACT WHICH PROVIDED THAT THE COUNTY JUDGES OF ALL OKLAHOMA COUNTIES WITH A POPULATION OF NOT LESS THAN 17,000 AND NOT MORE THAN 18,000, AND WITH AN ASSESSED VALUATION OF NOT LESS THAN $16,000,000 WOULD RECEIVE A RAISE. IN FACT, ONLY ONE COUNTY, TILLMAN COUNTY, FIT THAT DESCRIPTION. THE OKLAHOMA SUPREME COURT DETERMINED THAT THE ACT WAS A SPECIAL STATUTE IN THAT IT WAS APPARENT THAT THE ACT WAS MEANT TO APPLY TO ONLY ONE COUNTY.
THE COURT NOTED THAT A GENERAL ACT DOES NOT HAVE TO BE APPLICABLE TO EVERY PERSON AND EVERY LOCALITY IN THE STATE. ID., AT 659. IT MUST MERELY TREAT ALL PEOPLE WITHIN AN AFFECTED CLASS EQUALLY. ID. FURTHERMORE, THE LEGISLATURE MAY TREAT PEOPLE DIFFERENTLY SO LONG AS THE CLASSIFICATION IS BASED UPON REASONABLY FOUNDED DISTINCTIONS. ID. SEE ALSO TEXAS OKLAHOMA EXPRESS V. SORENSON, 652 P.2D 285 (OKL. 1982). OF COURSE, EVEN IF A STATUTE IS DETERMINED TO BE A SPECIAL STATUTE, UNLESS IT FALLS UNDER ONE OF THE CATEGORIES OF ARTICLE V, SECTION 46 OF THE OKLAHOMA CONSTITUTION, FOR IT TO BE PROHIBITED UNDER ARTICLE V, SECTION 59, IT MUST BE FIRST DETERMINED IF THE SUBJECT MATTER OF THE LEGISLATION IS SUSCEPTIBLE TO A GENERAL LAW. REYNOLDS, AT 822. IF NO GENERAL LAW IS APPLICABLE, THE A SPECIAL LAW IS PERMISSIBLE.
WHILE 59 O.S. 1308.1 SINGLES OUT FOR ITS REQUIREMENTS ALL BAIL BONDSMEN, IT NONETHELESS TREATS THEM AS A CLASS. NO DISTINCTIONS ARE MADE AND NO DIFFERENCES IN CONTINUING EDUCATIONAL REQUIREMENTS APPEAR TO RESULT. ON THE OTHER HAND, IT DOES SINGLE OUT FOR THE PROVISION OF THE CONTINUING EDUCATION REQUIREMENTS THAT ONLY THE OKLAHOMA BONDSMAN ASSOCIATION MAY OFFER SUCH COURSES. IT IS NOT CLEAR THE REASON FOR THIS, WHETHER THERE ARE OTHER ENTITIES WHICH COULD PROVIDE SUCH COURSES, OR WHETHER THERE IS A REASONABLE BASIS FOR THE DISTINCTION. THE DETERMINATION OF THESE QUESTIONS, UNFORTUNATELY, INVOLVES QUESTIONS OF FACT FOR WHICH THIS OFFICE IS UNABLE TO PROVIDE ANSWERS.
PLEASE NOTE THAT THIS IS AN INFORMAL OPINION AND NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. AS SUCH, IT SHOULD NOT BE USED AS AN OFFICIAL OPINION. SHOULD YOU HAVE FURTHER QUESTIONS IN REGARD TO THIS MATTER, PLEASE FEEL FREE TO CALL UPON ME.
(JAMES ROBERT JOHNSON)